## DAVID UNTERMEYER, RESPONDENT, *v.* LEOPOLD HUTTER AND MORITZ HUTTER, APPELLANTS.

*Arrest — a debtor removing and concealing goods, after making a general assignment, is subject to arrest in an action by his creditor — Code of Civil Procedure, sec. 550, sub. 2.*

APPEAL from an order of the Special Term denying a motion to vacate an order of arrest upon the papers upon which it was granted.

The court at General Term said: "The order of arrest in this case was granted under subdivision 2 of section 550 of the Code of Civil Procedure, on the ground that the defendants have, since the making of the contract, or in contemplation of making the same, removed or disposed of their property with intent to defraud their creditors. The fraud charged in this case is in substance that the defendants on the 4th of October, 1879, made a general assignment of their property for the benefit of creditors to one Hirsch, and delivered to the assignee certain property which they alleged to be all that covered by the assignment, but in fact took away from their store and concealed a larger amount in value of goods, property and money, which they did not deliver to their assignee, but fraudulently concealed from him and their creditors.

"It is insisted that the defendants could not be arrested for such a fraud, because whether mentioned in the schedule or delivered to the assignee or not, the title of the property so concealed passed to him, and he alone could maintain an action for it. It may be true that an action to recover the possession of, or for the conversion of

the property, could only be brought by the assignee. But it does not follow that the transaction of carrying away and concealing the property, before or at the time of making the assignment, with intent to conceal and keep it from the assignee, and also from the creditors, is not a fraud for which an order of arrest could be granted. The transaction is very clearly a fraud upon the creditors of the defendants, and as by their silence upon this motion, they concede the allegations upon which the order was granted, to be true, there is no difficulty in holding that as one of the consequences of such a fraud, they subject themselves to arrest. The creditor does not bring an action to recover the property or its value, but to recover an indebtedness owing to him by the defendants, and which they have prevented his realizing, perhaps, by the fraudulent concealment of the property which should have been delivered to the assignee. We think the objection made is untenable."

*A. Steckler*, for the appellants.

*A. Blumenstiel*, for the respondent.

Opinion by DAVIS, P. J.; BRADY and DANIELS, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements, and motion to dismiss appeal denied, without costs.